# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Cristian Kaled Doblado Palma<br><br>*Defendant(s)* | Case No. 4:25-mj-71330 MAG |

**FILED**
Nov 06 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 14, 2025 in the county of Alameda in the Northern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Reentry of Removed Alien<br>Maximum penalties:<br>- Imprisonment: 2 years<br>- Supervised release: not more than 1 year<br>- Special assessment: $100<br>- Forfeiture/Immigration & Naturalization Consequences/Denial of Fed Benefits |

This criminal complaint is based on these facts:

See attached Affidavit of Vincent Gaviola

☑ Continued on the attached sheet.

/s/ Vincent Gaviola
*Complainant's signature*

Vincent Gaviola, DHS ICE ERO
*Printed name and title*

Approved as to form /s/ Molly K. Priedeman
AUSA Molly K. Priedeman

Sworn to before me by telephone.

Date: 11/6/2025

*Judge's signature*

City and state: Oakland, CA

Kandis A. Westmore, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, Vincent Gaviola, a Deportation Officer with U.S. Immigration and Customs Enforcement, being duly sworn, hereby declare as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging **Cristian Kaled Doblado Palma** ("**DOBLADO PALMA**") with a violation of 8 U.S.C. §§ 1326(a)– Illegal Reentry.

There is probable cause to believe that occurring no later than May 14, 2025, in the Northern District of California, **DOBLADO PALMA**, an alien, was found in the United States after having previously been excluded, deported, and removed from the United States on, or about, July 19, 2024, without first obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission, in violation of Title 8, United States Code, Sections 1326(a).

## AFFIANT BACKGROUND

2. I am a Deportation Officer of DHS ICE ERO and have been since May 2007. I am currently assigned to ERO Criminal Prosecution ("ECP") out of the San Francisco District Office ("SFR").

3. I was trained as a Deportation Officer at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia. I received advanced training at the FLETC in Glynco, Georgia, for the Fugitive Operations Training Program ("FOTP"). As a Deportation Officer, I have conducted and participated in law enforcement investigations to identify, locate, arrest, detain, prosecute, and remove foreign nationals who pose a threat to national security and public safety.

4. I have conducted complex investigations, executed arrests, prepared cases for removal proceedings and prosecution, and managed detention and removal of foreign nationals

ordered removed from the United States by working with foreign, federal, state, and local law enforcement agencies.

5. I am an immigration officer of the United States within the meaning of 8 U.S.C. 1101(18). I am empowered by law and regulation to interrogate, arrest, and search for individuals present in the United States in violation of law or regulation. I am further empowered by law and regulation to make arrests for felony offenses under any law of the United States regulating the admission, exclusion, or removal of aliens. I am also empowered by law and regulation to make arrests for any offense against the United States if the offense is committed in my presence or if I have reasonable grounds to believe the individual arrested has committed a felony against the United States. Additionally, I am authorized to execute and serve any order, warrant, subpoena, summons, or other process issued under the authority of the United States.

## SOURCES OF INFORMATION

6. The statements in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other deportation officers, deputies, agents, and witnesses. Where statements or observations are made by other individuals (including other law enforcement officers) referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part and not verbatim.

7. I have received and reviewed **DOBLADO PALMA**'s immigration file.

8. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## APPLICABLE LAW

9. Under 8 U.S.C. §§ 1326(a), it is unlawful for **DOBLADO PALMA** to be in the United States after having been previously excluded, deported, and removed from the United States, without obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission into the United States.

10. The elements of the offense of Illegal Reentry Following Removal under 8 U.S.C § 1326(a) are:

    (1) the defendant was removed from the United States;

    (2) thereafter, the defendant voluntarily entered the United States;

    (3) after entering the United States the defendant knew that he was in the United States and knowingly remained;

    (4) the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States;

    (5) the defendant was an alien at the time of the defendant's entry into the United States; and

    (6) the defendant was free from official restraint at the time he entered the United States.

11. The term "alien" means any person not a citizen or national of the United States. 8 U.S.C. § 1101(a)(3).

## FACTS SUPPORTING PROBABLE CAUSE

12. There is probable cause to believe that on or about May 14, 2025, in the Northern District of California, **DOBLADO PALMA**, an alien, was found in the United States after having previously been excluded, deported, and removed from the United States on or about July 19, 2024, without obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission into the United States, in violation of Title 8, United States Code, Sections 1326(a).

//

### DOBLADO PALMA is Not a United States Citizen and was Ordered Removed from the United States

13. **DOBLADO PALMA** is a citizen of Honduras and not a citizen of the United States.

14. On January 26, 2023, Immigration Judge Christine E. Stancill, in Los Angeles, CA, issued an order of removal to remove **DOBLADO PALMA** to Honduras.

15. **DOBLADO PALMA** was removed from the United States to Honduras on or about January 26, 2024.

### Relevant Criminal History and Prior Unlawful Reentry

16. On unknown date after his removal on January 26, 2024, but on or before May 28, 2024, **DOBLADO PALMA** voluntarily, and illegally, entered the United States at or near Sasabe, AZ without the proper immigration documents.

17. On or about, June 24, 2024, **DOBLADO PALMA** was convicted in the United States District Court for the District of Arizona, of Illegal Entry, a violation of Title 8 U.S.C. § 1325(a)(1), a misdemeanor. **DOBLADO PALMA** was committed to the custody of the Bureau of Prisons for a term of 30 days, with credit for time served.

18. On July 19, 2024, the defendant was removed from the United States to Honduras.

### Unlawful Reentry

19. On an unknown date after his removal on July 19, 2024, but on or before May 14, 2025, **DOBLADO PALMA** voluntarily, and illegally, entered the United States at an unknown place.

20. On, or about, May 14, 2025, **DOBLADO PALMA** was found in the United States by way of arrests in Alameda County, California for Possession/Purchase for Sale of Narcotics/Controlled Substance under HS § 11351, Possession of a Controlled Substance for Sale under HS § 11378, Contempt: Disobey Court Order/Etc, under PC § 166(A)(4) and False Identification to Specific Peace Officers PC §148.9(A).

21. On October 28, 2025, **DOBLADO PALMA** was found in the United States again when he was apprehended by the Federal Bureau of Investigation (FBI) in San Francisco, CA.

**Confirmation of Identity**

22.     **DOBLADO PALMA**'s fingerprints were taken as part of standard booking procedures following his October 28, 2025, arrest.  The fingerprints obtained from **DOBLADO PALMA** on October 28, 2025, were electronically submitted to the California Department of Justice, National Crime Information Center/Next Generation Identification, and DHS/ICE databases. ICE confirmed that the fingerprints taken from **DOBLADO PALMA** on or about the date of his January 26, 2024 and his July 19, 2024 removal matched the fingerprints taken when he was arrested on or about October 28, 2025.

23.     On or about October 29, 2025, I conducted electronic records checks using various DHS records to verify **DOBLADO PALMA**'s unique fingerprint identification number ("FIN").  The printouts of ICE computer indices on **DOBLADO PALMA** through Person Centric Identity Services ("PCIS"), DHS/USCIS Central Index System ("CIS") and Person Centric Query Service ("PCQS") all confirmed that **DOBLADO PALMA**'s FIN is a number ending in -7799.

24.     I then compared **DOBLADO PALMA**'s FIN ending in -7999 to the FIN obtained from **DOBLADO PALMA** at his U.S. Immigration and Customs Enforcement encounter in connection with his arrest on August 1, 2019, and the numbers matched. I determined that **DOBLADO PALMA** is the person whose details are contained in the computer indices, was removed from the United States on or about January 26, 2024 and July 19, 2024 and was then located and arrested following his return to the United States on or about May 14, 2025 and October 28, 2025.

25.     On or about October 29, 2025, I reviewed the printouts of ICE computer indices on **DOBLADO PALMA**.

26.     Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States.  The ICE computer indices confirmed that **DOBLADO PALMA** had been removed,

deported, and/or excluded on the date indicated on the Warrant of Removal/Deportation, found in **DOBLADO PALMA**'s DHS A-File.

27.     The ICE computer indices further indicated that **DOBLADO PALMA** had not applied for, nor obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States between the date of his removal and the date of his arrest in October 2025.

28.     Furthermore, the Alien Number ("A Number") is a unique identifying number assigned to only one individual.  The A Number associated with **DOBLADO PALMA**'s January 26, 2024 and July 19, 2024, removal is the same as the A Number associated with his arrest on October 28, 2025.

29.     Thus, **DOBLADO PALMA** was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; was an alien at the time of his entry into the United States; **DOBLADO PALMA** was free from official restraint at the time he entered the United States; and **DOBLADO PALMA** knowingly and intentionally remained in the United States.

//
//
//
//
//
//
//
//
//

## CONCLUSION

30. Based on the information above, there is probable cause to believe that on or about October 24, 2023, **DOBLADO PALMA** violated 8 U.S.C §§ 1326(a) – Illegal Reentry Following Removal. Accordingly, I respectfully request that the Court issue a criminal complaint and warrant for his arrest.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

/s/ Vincent Gaviola
VINCENT GAVIOLA
Deportation Officer
U.S. Immigration and Customs Enforcement

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 6th day of October 2025.

_____
HONORABLE KANDIS WESTMORE
United States Magistrate Judge